IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JON H. OBERG | ) ) ) ) |
| *Plaintiff-Appellant*, | ) |
| v. | ) ) |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | ) ) ) ) ) No. 15-1093 |
| *Defendant-Appellee*, | ) ) |
| and | ) ) |
| VERMONT STUDENT ASSISTANCE CORPORATION, | ) ) ) |
| *Defendant-Appellee*. | ) |

## JOINT MOTION FOR SEPARATE BRIEFING OR, IN THE ALTERNATIVE, TO EXCEED WORD LIMIT BY PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY AND VERMONT STUDENT ASSISTANCE CORPORATION

Pursuant to Fed. R. App. P. 27 and Local Rules 28(d) and 32(d), Appellees Pennsylvania Higher Education Assistance Agency (PHEAA) and Vermont Student Assistance Corporation (VSAC) respectfully move to file separate response briefs not exceeding 10,000 words each or, in the alternative, a single response brief not exceeding 17,000 words. Appellant Oberg opposes this motion.

This appeal comes to this Court after the district court granted summary judgment for PHEAA and VSAC on the grounds that each is an arm of the state and not a person for purposes of the False Claims Act, and thus each is not subject to Oberg's False Claims Act suit. In the district court, PHEAA and VSAC, who are represented by separate counsel, each filed separate motions for summary judgment, separate memoranda of law supporting summary judgment, and separate replies supporting summary judgment. Each party relied on separate statutes of two separate states' law, as well as separate state case law and separate evidentiary records. And the district court assessed each party's law and evidence separately in its order granting the motions.

Before this Court, PHEAA and VSAC will again each be citing separate statutory provisions, separate state case law, and separate evidentiary records, and this Court will likewise be required to assess each party's arguments and evidence separately. Furthermore, while both PHEAA and VSAC have the same ultimate goal of obtaining an affirmance from this Court on arm-of-the-state grounds, each will be presenting unique circumstances to the Court, creating the real prospect of adversity between the two parties. The evidence that one party offers in support of arguments under the applicable four-factor arm-of-the-state test could inadvertently undercut the other party's position on one or several of the factors. Indeed, in the previous appeal in this case, this Court affirmed the dismissal of one

2

of the state entities while reversing as to two others, reflecting the potential for the appellees to be at cross-purposes.

For these reasons, PHEAA and VSAC respectfully move to file separate response briefs not exceeding 10,000 words each. If, however, this Court declines to grant that request, PHEAA and VSAC respectfully move in the alternative that they be permitted to file a single response brief not exceeding 17,000 words. In the previous appeal in this case, this Court permitted the four appellees to file a single response brief not exceeding 19,000 words, in recognition of the fact that each appellee would have to address circumstances unique to that party with little to no overlap between the appellees. The same holds true here, if not more so: each appellee must address circumstances unique to that party, including separate state statutory provisions, separate state case law, and (given the summary judgment posture) separate substantial evidentiary records. As before, therefore, the appellees cannot fully present their separate positions within the 14,000-word limit. Because there are only two appellees rather than four on this summary judgment appeal, however, PHEAA and VSAC seek only an additional 3,000 words, rather than the 5,000 granted in the previous motion-to-dismiss appeal.

Accordingly, PHEAA and VSAC respectfully request permission to file separate response briefs not exceeding 10,000 words each or, in the alternative, to file a single response brief not exceeding 17,000 words.

Respectfully submitted,

  /s/ John S. West  
John S. West  
Megan C. Rahman  
TROUTMAN SANDERS LLP  
1001 Haxall Point  
PO Box 1122  
Richmond, VA 23218  
(804) 697-1269  
john.west@troutmansanders.com  

*Counsel for Appellee Vermont Student Assistance Corporation*

Dated:  February 26, 2015

  /s/ Paul D. Clement  
Paul D. Clement  
George W. Hicks, Jr.  
BANCROFT PLLC  
1919 M Street, N.W., Suite 470  
Washington, D.C. 20036  
(202) 234-0090  
pclement@bancroftpllc.com  

*Counsel for Appellee Pennsylvania Higher Education Assistance Agency*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system, thereby serving all parties required to be served.

                                                s/ George W. Hicks, Jr.
                                                GEORGE W. HICKS, JR.