# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JON H. OBERG,<br><br>    Plaintiff-Appellant,<br><br>    v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, *et al.*,<br><br>    Defendants-Appellees,<br><br>    and<br><br>NELNET, INC., *et al.*,<br><br>    Defendants. | No. 15-1093 |

### APPELLANT'S OPPOSITION TO APPELLEES' MOTION TO FILE SEPARATE BRIEFS OR FOR EXPANSION OF WORD LIMITS

The relief sought by Appellees Pennsylvania Higher Education Assistance Agency ("PHEAA") and Vermont Student Assistance Corporation ("VSAC") (collectively, "Appellees")—the ability to file either separate briefs of no more than 10,000 words each or a single brief of no more than 17,000 words—is not justified under this Court's rules and is flatly inconsistent with both prior orders of this Court and positions PHEAA and VSAC have expressly taken in this proceeding.

Because this is a joint appeal from a single district court order dismissing this action as to both PHEAA and VSAC, they must file a joint brief absent dispensation from the Court. *See* 4th Cir. R. 28(d); Briefing Order, Dkt. 3 (Jan. 26, 2015) ("All parties to a side must join in a single brief."). "Motions to file separate briefs are <u>not favored</u> by the Court and are granted only upon <u>a particularized showing of good cause</u> such as, but not limited to, cases in which the interests of the parties are adverse." 4th Cir. R. 28(d) (emphasis added).

No such "particularized showing" has been made here. PHEAA and VSAC appear to have forgotten that they have filed such a motion before, on the same grounds, and that the Court denied it. When this case first came before this Court in *Oberg I*, the then-four Appellees—including PHEAA and VSAC—filed a motion for separate briefs arguing, *inter alia*, that "[t]he resolution of the [arm of the state] issue necessarily will depend on circumstances unique to each Appellee, including the separate State statutes applicable to each entity and, where relevant, the state case law analyzing whether an entity is a State agency." Motion to File Separate Appellate Briefs, Dkt. No. 25, No. 10-2320 (Feb. 15, 2011). The Court denied the motion in 2011, Dkt. 35, No. 10-2320 (Feb. 22, 2011), and there is no basis for a different outcome now.

Likewise, Appellees' claimed fear of a "<u>prospect</u> of adversity between the two parties" whereby one party "<u>could inadvertently</u> undercut the other party's

2

position," Mot. 2 (emphasis added), provides no more basis for separate briefs today than it did in 2011. Appellees have briefed this issue jointly on two prior appeals to this Court. Actual adversity of interests—if it exists—surely would have manifested itself by now. Appellees' resort to vague hypotheticals therefore only serves to highlight that they cannot show that their interests "are adverse." 4th Cir. R. 28(d) (emphasis added).[1] In this third appeal concerning the same issue, there is no basis to deviate from this Court's rules and established practice.

Appellees also should not be permitted to reverse course now and claim that the fact that there are two Appellees with different factual records somehow necessitates briefs longer than the 14,000 words permitted by Rule 32. Prior to filing his opening brief, Relator moved for a 2,500-word expansion of the word limits for his opening brief on exactly that basis.[2] Appellees opposed, arguing that "this appeal, unlike the two previous appeals, involves only two appellees," which

---

[1] It is also noteworthy that Appellees, in opposing Relator's motion for expedition, lamented that, if this case were heard at the same time as *Pele v. Pennsylvania Higher Education Assistance Agency* (No. 14-2202), the Court "would be required to simultaneously review seven different briefs." Opp. to Mot to Expedite, Dkt. 25 (Feb. 2, 2015). The Court has now indicated its intention to hear the cases during the same sitting, and yet Appellees propose to add an eighth brief—and 6,000 additional words—to the stack of paper that Appellees previously deemed excessive.

[2] Prior to filing his motion, Relator proposed to Appellees that the parties jointly request an additional 2,500 words for their principal briefs and 1,250 words for Relator's reply brief. Appellees declined. Their present motion makes clear that the basis for refusing to consent to that reasonable proposal was to obtain a tactical advantage by attempting to secure additional words only for themselves.

3

"foreclose[es] the need for 2,500 additional words." Opp. to Mot. to Exceed Word Limit, Dkt. 30 (Feb. 13, 2015) (emphasis added). The Court denied Relator's motion, finding no cause to exceed the normal 14,000-word limit, Dkt. 31 (Feb. 18, 2015), and Relator filed a compliant brief.

To Appellees, apparently, 14,000 words suffices for thee but not for me. But absent some compelling reason to think that Appellees would experience more difficulty defending the district court's 3,000-word summary judgment ruling on appeal than Relator would have in attacking it within the confines of a standard-length brief—and no such basis is set forth in Appellees' Motion—basic notions of fairness dictate that the request for an expansion of word limits be denied. In Appellees' own words, the fact that there are now only two Appellees "forecloses" the asserted need for additional words.

## **CONCLUSION**

For the foregoing reasons, Appellees' motion to file separate briefs and/or expand their word limits should be denied.

4

Respectfully submitted,

**JON H. OBERG, by counsel:**

/s/ Bert W. Rein

    Bert W. Rein (counsel of record)
    Michael L. Sturm
    Brendan J. Morrissey
    Stephen J. Obermeier
    WILEY REIN LLP
    1776 K Street, NW
    Washington, DC 20006
    (202) 719-7000

February 27, 2015        *Attorneys for Relator-Appellant*
                                *Dr. Jon H. Oberg*

## **CERTIFICATE OF SERVICE**

I, Bert W. Rein, certify that the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

[None]

/s/ Bert W. Rein
Bert W. Rein
Counsel for Appellant Jon H. Oberg